UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT JOHNSON JR., <br><br>  Plaintiff, <br><br> v. <br><br> 3M COMPANY, et al., <br><br>  Defendants. | Case No. 25-cv-05330-VC <br><br> **ORDER GRANTING MOTION TO REMAND** <br><br> Re: Dkt. Nos. 35-1, 42, 44 |

  The motion to remand is granted.

  Under 28 U.S.C. § 1446, a defendant removing a case to federal court must do so within thirty days of receiving a copy of the initial pleading or other paper from which it can first ascertain that the case is removable. *See* 28 U.S.C. § 1446(b)(1). Huntington Ingalls asserts it first learned that the case was removeable after obtaining deposition testimony from Johnson in the state court case on May 27, 2025. *See* Dkt No. 1 ¶¶ 7, 11. Johnson says this assertion is contradicted by Huntington Ingalls's answer, filed on Mar. 21, 2025, which alleged that Huntington Ingalls "acted solely under the direction of a federal officer," and by Huntington Ingalls's earlier representations to Johnson's counsel that it would remove the case to federal court. Huntington Ingalls argues that, notwithstanding these communications, the thirty-day removal period under Section 1446(b) was not triggered until Johnson's deposition because it was only then that Johnson identified several federal ships by name.

  According to its own answer, Huntington Ingalls claims to have acted under the direction of a federal officer regardless of the specific ships named by Johnson. There is no indication that the statement in the answer filed by Huntington Ingalls applies to some ships Johnson could have

been on but not others. Accordingly, Huntington Ingalls was on notice that it could have asserted a colorable basis to remove the case to federal court as of March 2025. Its choice not to do so until Johnson provided a list of ship names thus appears to be a tactical decision that does not comply with the timely removal requirement of Section 1446(b)(1).

Even if the matter had been timely removed, removal would be improper here. Huntington Ingalls's basis for removal is that it acted under the authority of a federal officer within the meaning of 28 U.S.C. § 1442(a)(1). Federal officer removal requires the defendant to show a causal nexus between actions taken pursuant to a federal officer's directions and the plaintiff's claims. *See* 28 U.S.C. § 1442(a)(1); *State of Maryland v. Soper*, 270 U.S. 9, 33 (1926). Huntington Ingalls claims this requirement is satisfied here because the design and building of its ships were performed under the direct control and supervision of the federal government, the ships were built to comply with federal standards, and that each ship was extensively tested by the U.S. before it was accepted. Acting under the "general auspices of federal direction" is not sufficient for federal officer removal in this circuit. *Cabalce v. Thomas E. Blanchard & Assocs., Inc.*, 797 F.3d 720, 729 (9th Cir. 2015). The record does not reflect that the federal government directed Huntington Ingalls to use asbestos in building its ships. *See id.* at 727–28. Nor has Huntington Ingalls shown the extensive evidence of federal control that might warrant such a conclusion. *See id.* at 730. Thus, an adequate basis for federal officer removal has not been presented here.

The Clerk is directed to remand the case to Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: August 14, 2025

VINCE CHHABRIA
United States District Judge