TUCKER ELLIS LLP
DANIEL J. KELLY SBN 145088
daniel.kelly@tuckerellis.com
201 Mission Street, Suite 2310
San Francisco, CA 94105
Telephone:    415.617.2400
Facsimile:    415.617.2409

Attorneys for Defendant
HUNTINGTON INGALLS INCORPORATED
successor to Ingalls Shipbuilding

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| ALBERT JOHNSON JR.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>3M COMPANY f/k/a MINNESOTA MINING & MANUFACTURING COMPANY; et al.<br><br>　　　　　Defendants. | Case No. 3:25-cv-05330-VC<br>Assigned Judge: Hon. Vince Chhabria<br><br>**HUNTINGTON INGALLS MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

TO THE COURT AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

　　Defendant Huntington Ingalls Incorporated, successor to Ingalls Shipbuilding ("Huntington Ingalls") hereby moves the Court for leave to file a motion for reconsideration of this Court's August 14, 2025 Order remanding this action to the Alameda County Superior Court [Doc 46] in accordance with Civil L.R. 7-9.  This motion is made six (6) days after entry of the remand order and seeks relief based on Civil L.R. 7-9(b)(1) and (3).

　　Huntington Ingalls filed its opposition to plaintiff's motion to remand on shortened notice.  In doing so, it made certain legal arguments with respect to the removability of the original complaint and its basis for removal.  The opposition requested additional time to procure an expert declaration in the event that the Court found the factual assertions in the Declarations of Daniel J. Kelly [Doc. 42-1] and David T. Williams [Doc 42-2] insufficient.

# I. JURISDICTION

This Court has jurisdiction to consider this motion for leave to file a motion for reconsideration and may properly reconsider its prior remand order because the remand order itself is "reviewable on appeal or otherwise" under 28 U.S.C. §1447(d). See *Supreme Court of California v. Kinney*, 2015 WL 3833321 at *3 (N.D. Cal. Jun. 19, 2015) and *Linton v. Axcess Financial Services, Inc.*, 2023 WL 4604657 at *1 (N.D. Cal. Jul. 17, 2023)

# II. QUESTIONS PRESENTED

A. **Did the Court Fail to Consider the Proper Standard for Determining if Huntington Ingalls' Removal Was Timely?**

B. **Did the Court Fail to Consider the Submitted Evidence in Support of the Government Contractor Defense?**

# III. LEGAL ARGUMENT

Standard for Determining Timeliness of Removal

In ruling on plaintiff's remand motion, the Court did not make a determination that the basis for removal was clear from the face of the complaint. In *Dietrich v. Boeing Company*, 14 F.4th 1089 (9th Cir. 2021), the Court articulated a bright line test, stating that the removal clock does not start until a paper makes a ground for removal "unequivocally clear and certain." The rule has been restated as follows:

> Importantly, courts in the Ninth Circuit do not "charge defendants with notice of removability until they've received a paper that gives them enough information to remove." *Durham* [*v. Lockheed Martin Corp.*, 445 F.3d 1247 (9th Cir. 2006)] at 1251; see also *Harris* [*v. Bankers Life & Cas. Co.*, 425 F.3d 689 (9th Cir. 2005)] at 694 ("[T]he notice of removability under § 1446(b) is determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry."). "If no ground for removal is evident in [the initial] pleading, the case is 'not removable' at that stage." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)(3)). And for "an amended pleading, motion,

order, or other paper" to trigger the second 30-day removal period under

Section 1446(b)(3), it "must make a ground for removal unequivocally clear

and certain[.]" *Dietrich*, 14 F.4th at 1095.

*Johnson v Air & Liquid Systems Corporation*, 2024 WL 3914867 at *3 (W.D. Wash. Aug. 23, 2024)

The Court did not apply this standard in ruling on plaintiff's motion for remand.

The Court also accepted the argument that the assertion of a government contractor affirmative defense in its answer demonstrates that "Huntington Ingalls was on notice that it could have asserted a colorable basis to remove the case to federal court as of March 2025." In making this determination, the Court failed to consider the absence of legal authority for this position. See *Johnson v Air & Liquid Systems Corporation*, 2024 WL 3914867 (W.D. Wash. Aug. 23, 2024) and *Bouchard v CBS Corp.*, 2012 WL 1344388 (E.D. Pa. Apr. 17, 2012). The legal argument was presented to the Court but the case citations tending to show the absence of authority were not.

Evidence of Government Contractor Defense

As an alternate ground for ordering remand, the Court found that Huntington Ingalls did not "show a causal nexus between the actions taken pursuant to a federal officer's directions and the plaintiff's claims" because "the record does not reflect that the federal government directed Huntington Ingalls to use asbestos in building its ships" citing *Cabalce v. Thomas E. Blanchard & Assocs., Inc.* 797 F.3d 720, 727-728 (9th Cir. 2015). In making this determination, the Court failed to consider the Declaration of David T. Williams [Doc 42-2] which explained that the ships at issue were designed by George G. Sharp Company and approved by the United States and the Department of the Navy, the government provided the MARAD designs and specifications to Ingalls, and inspected the construction on a daily basis. [Williams Dec. ¶¶ 6-7] The Williams declaration also states that officers of the U.S. Government "mandated the materials and equipment to be used in the construction process (including the use of asbestos-containing thermal insulation and the brand of boiler)." [Williams Dec. ¶ 8]. The government contract, evidence of the specifications, and government acceptance documents were included in the opposition.

///

///

3
HUNTINGTON INGALLS MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
012758\000219\1717555.1

The Court also failed to consider the nearly identical facts and circumstances described in *Ollerton v. National Steel and Shipbuilding Company*, 2023 WL 2947544 (C.D. Cal. Apr. 14, 2023) and *Leite v. Crane Co.,* 749 F.3d 1117 (9th Cir. 2014) which both involved shipyard exposures.

## IV.   CONCLUSION

Huntington Ingalls requests leave to file a motion for reconsideration so that the Court may consider the above facts and legal arguments.

DATED:  August 20, 2025         TUCKER ELLIS LLP

By: _____
Daniel J. Kelly
daniel.kelly@tuckerellis.com
Attorneys for Defendant HUNTINGTON INGALLS INCORPORATED successor to Ingalls Shipbuilding

# CERTIFICATE OF SERVICE

This Certificate of Service is made in compliance with Local Rule 5.1.2 and Civ.R. 5(b). I am employed in the County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is 201 Mission Street, Suite 2310, San Francisco, CA 94105. My email address is anna.villanueva@tuckerellis.com.

On the date indicated below, a true and correct copy of the foregoing **HUNTINGTON INGALLS MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** was filed with Court and served electronically and will be available for viewing and downloading from the Court's CM/ECF system:

The Notice of Electronic Case Filing automatically generated by the system and sent to all parties entitled to service under the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California who have consented to electronic service shall constitute service of the filed document to all such parties.

I declare under penalty of perjury that I am employed in the office of a member admitted to practice before the District Court for the Northern District of California and ECF registered in this Court at whose direction the service was made and that the foregoing is true and correct.

Executed on, August 20, 2025, at San Francisco, California.

By   */s/ Anna Villanueva*
     Anna Villanueva